EXHIBIT B

| Summons | CIVIL DOCKET NO. 20cv64B | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Justin Skowron Plaintiff(s) vs. C.H. Robinson Company and TFI Liner, Inc. Defendant(s) | | Dennis P. McManus  Clerk of Courts Worcester County COURT NAME & ADDRESS: Worcester County Superior Court 225 Main Street Worcester, MA 01608 |

THIS SUMMONS IS DIRECTED TO C.H. Robinson Company (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Worcester Superior Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your signed original response with the Clerk's Office for Civil Business, Worcester Superior Court 225 Main Street, Worcester, MA 01608 (address), by mail or in person AND

    b) Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: Laura A. Demerle, Esq.; 1661 Worcester Road, Suite 204; Framingham, MA 01701

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your court no more than 10 days after sending your Answer.



A true copy Attest Joseph P. Casey
Deputy Sheriff Suffolk County
1-29-20

3 (cont). You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

4. **Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. __Judith Fabricant__, Chief Justice on __Jan. 22__, 20__20__. (Seal)

Clerk-Magistrate _____

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

Dated: _____    Signature: _____

N.B. TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date: _____

rev. 1/2019

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss                                            WORCESTER SUPERIOR COURT
                                                                      C.A. No.

JUSTIN SKOWRON,                         )
       Plaintiff                                 )
                                         )
v.                                            )
                                         )
C. H. ROBINSON COMPANY and     )
TFI LINER, INC.,                       )
       Defendants                     )

## COMPLAINT

### The Parties

1. The plaintiff, Justin Skowron (hereinafter "Skowron"), is a resident of the Commonwealth of Massachusetts and resides in Brimfield, MA.

2. The defendant, C. H. Robinson Company (hereinafter "C. H. Robinson"), is a duly organized foreign corporation doing business within the Commonwealth of Massachusetts and has a principal place of business at 14701 Charlson Road, Eden Prairie, MN, 55347. C. H. Robinson maintains a registered agent, Corporation Service Company, at 84 State Street, Boston, MA, 02109.

3. The defendant, TFI Liner, Inc. (hereinafter "TFI Liner") is a duly organized foreign corporation doing business within the Commonwealth of Massachusetts and has a principal place of business at 415 W 130th Street, Los Angeles, CA, 90061. TFI maintains a registered agent, Hyun Sik Shin, at the same address.

## The Facts

4. On January 27, 2017, Skowron was employed by FlexCon in Spencer, MA.

5. On that date, while in the course and scope of his employment with FlexCon, Skowron was operating a forklift inside a tractor trailer.

6. Upon information and belief, C. H. Robinson was retained by FlexCon to coordinate a delivery from FlexCon to another location.

7. Upon information and belief, C. H. Robinson contracted with TFI Liner to make the delivery from FlexCon to another location.

8. Upon information and belief, the tractor trailer in which Skowron was operating the forklift was owned and/or operated by TFI Liner.

9. While in the tractor trailer, the trailer suddenly and without warning dropped approximately 12 inches.

10. The sudden drop caused Skowron to strike his head on the top of the forklift.

11. As a result of the drop, Skowron suffered a serious back injury, for which he received medical treatment and back surgery.

12. Skowron continues to suffer from this back injury and continues to receive medical treatment for the same.

## COUNT I – NEGLIGENCE – C. H. Robinson

13. Skowron hereby re-alleges each and every allegation contained within paragraphs 1 through 12 as if specifically set forth herein.

14. C. H. Robinson, as a broker and through its agreement with FlexCon, owed a duty of care to Skowron to provide reasonably skillful services in selecting the company charged with the transportation services FlexCon required.

15. C. H. Robinson breached that duty of care when it:
    a. Failed to provide reasonably skillful services in selecting a transportation company on behalf of FlexCon;
    b. Failed to hire, train and supervise competent employees and/or subcontractors;
    c. Failed to warn Skowron and/or FlexCon of the existence of a dangerous condition with the trailer.
16. As a result of C. H. Robinson's negligence, Skowron was exposed to a dangerous condition within the trailer brokered by C. H. Robinson.
17. As a result of C. H. Robinson's negligence, Skowron was injured when the trailer suddenly dropped.
18. As a result of his injuries, Skowron has sought and received medical treatment, including surgery, and continues to suffer from pain.
19. Skowron states the accident, and his resulting injuries and damages were proximately caused by C. H. Robinson's negligence.

WHEREFORE, the plaintiff, Justin Skowron, seeks judgment against the defendant and such other and further relief that this Honorable Court deems fair and just.

## COUNT II – NEGLIGENCE – TFI Liner

20. Skowron hereby re-alleges each and every allegation contained within paragraphs 1 through 19 as if specifically set forth herein.
21. On January 27, 2017, TFI Liner owed a duty of care to Skowron to operate its equipment in a reasonably skillful manner.

22. On January 27, 2017, TFI Liner owed a duty of care to Skowron to maintain its equipment so as to prevent the trailer from suddenly dropping.

23. On January 27, 2017, TFI Liner breached that duty of care when it:

    a. Failed to provide a properly working trailer or other equipment;

    b. Failed to hire, train and supervise competent employees and/or subcontractors to operate the equipment;

    c. Failed to warn Skowron and/or FlexCon of the existence of a dangerous condition with the TFI Liner's trailer.

24. As a result of TFI Liner's negligence, Skowron was exposed to a dangerous condition within the trailer owned and/or operated by TFI Liner.

25. As a result of TFI Liner's negligence, Skowron was injured when the trailer suddenly dropped.

26. As a result of his injuries, Skowron has sought and received medical treatment, including surgery, and continues to suffer from pain.

27. Skowron states the accident, and his resulting injuries and damages were proximately caused by TFI Liner's negligence.

WHEREFORE, the plaintiff, Justin Skowron, seeks judgment against the defendant and such other and further relief that this Honorable Court deems fair and just.

## REQUEST FOR JURY TRIAL

The plaintiff, Justin Skowron, respectfully requests a jury trial on all issues pleaded or to be pleaded.

Respectfully Submitted,
Justin Skowron,
By his attorneys,

*/s/ L.A. Demerle*

Jacques N. Parenteau, BBO# 559745
jp@nesubro.com
Diana D. O'Hara, BBO# 642384
do@nesubro.com
Laura A. Demerle, BBO# 645690
ld@nesubro.com
**Parenteau & O'Hara, P.C.**
1661 Worcester Road, Suite 204
Framingham, MA 01701
(508) 232-6267

Dated: 1/17/20

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): Justin Skowron<br>ADDRESS: 34 Dix Hill Road<br>Brimfield, MA 01010 | | COUNTY: Worcester<br>DEFENDANT(S): C. H. Robinson Company and TFI Liner, Inc. |
| ATTORNEY: Laura A. Demerle, Esq.<br>ADDRESS: Parenteau & O'Hara, P.C.<br>1661 Worcester Rd., Suite 204<br>Framingham, MA 01701<br>BBO: 645690 | | ADDRESS:<br>C.H. Robinson - c/o Corporation Service Company, 84 State St., Boston, MA, 02109<br>TFI Liner - c/o Hyun Sik Shin, 415 W. 130th St., Los Angeles, CA, 90061 |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Negligence - Personal Injury | F | [X] YES  [ ] NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  [ ] YES  [X] NO

Is this a class action under Mass. R. Civ. P. 23?  [ ] YES  [X] NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ............................................................................ $
   2. Total doctor expenses ............................................................................. $
   3. Total chiropractic expenses ..................................................................... $
   4. Total physical therapy expenses .............................................................. $
   5. Total other expenses (describe below) .................................................... $
   Subtotal (A): $76,157.11+

Total Medical Damages are pending - Plaintiff is still treating.

B. Documented lost wages and compensation to date ................................... $
C. Documented property damages to date .................................................... $
D. Reasonably anticipated future medical and hospital expenses .................. $
E. Reasonably anticipated lost wages ........................................................... $
F. Other documented items of damages (describe below) ............................ $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Plaintiff suffered a back injury which required surgery as a result of the defendant's negligence. The plaintiff continues to suffer back pain and continues to treat. His worker's compensation case is still open.

TOTAL (A-F): $76,157.11+

### CONTRACT CLAIMS
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $

Signature of Attorney/ Unrepresented Plaintiff: X *LA Demerle*  Date: 1/17/20

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X *LA Demerle*  Date: 1/17/20

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2085CV00064 B | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Skowron, Justin vs. C.H. Robinson Company et al | | Dennis P. McManus, Clerk of Courts |
| TO: Laura A Demerle, Esq. Parenteau & O'Hara, P.C. 1661 Worcester Rd Suite 204 Framingham, MA 01701 | | COURT NAME & ADDRESS Worcester County Superior Court 225 Main Street Worcester, MA 01608 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**      **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 04/16/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 05/18/2020 | |
| All motions under MRCP 12, 19, and 20 | 05/18/2020 | 06/15/2020 | 07/15/2020 |
| All motions under MRCP 15 | 05/18/2020 | 06/15/2020 | 07/15/2020 |
| All discovery requests and depositions served and non-expert depositions completed | 11/12/2020 | | |
| All motions under MRCP 56 | 12/14/2020 | 01/11/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/11/2021 |
| Case shall be resolved and judgment shall issue by | | | 01/17/2022 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.
This case is assigned to

| DATE ISSUED 01/17/2020 | ASSISTANT CLERK Gail Dempsey | | PHONE (508)831-2364 |
|---|---|---|---|

Date/Time Printed: 01-17-2020 09:28:49      SCV026\ 08/2018