UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
**JUSTIN SKOWRON,**                )
                **Plaintiff,**   )   **CIVIL ACTION**
                                   )   **NO.  4:20-10276-TSH**
         **v.**                   )
                                   )
**C.H. ROBINSON COMPANY, TFI LINER,** )
**INC., and ISMAEL LOMELI ALVAREZ** )
**d/b/a LOMELI TRUCKING,**         )
                **Defendants.**   )
_____)

**MEMORANDUM AND ORDER ON C.H. ROBINSON'S MOTIONS TO DISMISS**
**(Docket No. 48)**

**August 14, 2020**

**HILLMAN, D.J.,**

Justin Skowron ("Plaintiff") filed this action against C.H. Robinson Company ("C.H. Robinson"), TFI Liner, Inc. ("TFI"), and Ismael Lomeli Alvarez ("Lomeli"), alleging negligence. C.H. Robinson moves to dismiss the claim against it. (Docket No. 48). For the following reasons, the Court ***grants*** in part and ***denies*** in part its motion.

**Background[1]**

FlexCon hired C.H. Robinson, a transportation broker, to coordinate a delivery from its facility in Spencer, Massachusetts, to a facility in Chino, California. C.H. Robinson retained TFI to make the delivery,[2] and TFI, in turn, subcontracted the job to Lomeli.

---

[1] The following facts are taken from the Plaintiff's First Amended Complaint (Docket No. 46) and assumed true for the purposes of this motion.

[2] According to the complaint, C.H. Robinson and TFI operated under an ongoing agreement which required TFI to ensure its drivers were properly trained and licensed; provide and maintain all necessary equipment; and perform all transportation services in full compliance with federal law.

Lomeli arrived at Flexcon's Spencer facility on January 27, 2017. While Plaintiff, an employee at FlexCon, operated a forklift inside one of Lomeli's tractor-trailers, the trailer suddenly dropped 12 inches. Plaintiff hit his head during the fall and sustained a serious back injury that has required continued medical treatment and surgery.

Plaintiff filed suit in state court, asserting a claim of negligence against C.H. Robinson and TFI. C.H. Robinson removed the case to this Court and moved to dismiss. Before the Court could rule on its motion, however, Plaintiff moved to amend his complaint. The Court granted Plaintiff's motion, and Plaintiff filed his First Amended Complaint on June 4, 2020. As relevant here, the amended complaint alleges one count of negligence against C.H. Robinson. (Docket No. 46). C.H. Robinson moves to dismiss this count for failure to state a claim and/or FAAAA preemption. (Docket No. 48).

## Legal Standard

In evaluating a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. Am. Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir. 2000). To survive the motion, the complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

## Discussion

### *1. Failure to State a Claim*

C.H. Robinson first contends that the Court should dismiss Plaintiff's negligence claim because the First Amended Complaint fails to plausibly establish that C.H. Robinson breached any duty owed to Plaintiff. The Court agrees in part and disagrees in part. The complaint identifies three duties that C.H. Robinson allegedly owed Plaintiff: (1) the duty of care "to provide reasonably skillful services in selecting the company charged with the transportation services FlexCon required," (2) the duty of care "to operate its business in compliance with the rules and regulations promulgated by the Federal Motor Carrier Safety Administration," and (3) the duty of care "to operate its business in compliance with the Moving Ahead for Progress in the 21st Century Act," 49 U.S.C. §§ 13901, *et seq*. (Docket No. 46 at 4). It asserts that C.H. Robinson breached these duties by failing to "provide reasonably skillful services in selecting a transportation company on behalf of FlexCon"; failing to "properly investigate TFI Liner's operations and/or qualifications"; failing to "monitor TFI Liner's operations and/or qualifications"; failing to "hire, train and supervise competent employees and/or subcontractor"; failing to "warn [Plaintiff] and/or FlexCon of the existence of a dangerous condition with the trailer"; and allowing TFI to act "as a broker in violation of" federal law. (Docket No. 46 at 4–5).

Because none of the failures alleged by Plaintiff bear on C.H. Robinson's compliance with "the rules and regulations promulgated by the Federal Motor Carrier Safety Administration" or the

Moving Ahead for Progress in the 21st Century Act,[3] the Court agrees that he has not plausibly established breach of the second or third duty.  It thus ***grants*** the motion to dismiss to the extent Plaintiff's negligence claim is premised either ground.

The Court declines, however, to dismiss the portion of Plaintiff's negligence claim premised on breach of the duty of care "to provide reasonably skillful services in selecting the company charged with the transportation services FlexCon required."  Plaintiff alleges that C.H. Robinson failed to investigate TFI's qualifications, stop TFI from operating as a transportation broker without a license, properly monitor TFI's operations or supervise its employees, or exercise reasonable care in selecting TFI as a motor carrier for the FlexCon delivery.  These allegations, taken as true, plausibly state a claim for negligent hiring.

C.H. Robinson attempts to avoid liability by disputing the existence of the duty alleged by Plaintiff.  The Court agrees that C.H. Robinson may not have owed Plaintiff any independent, standalone duty to "provide reasonably skillful services in selecting" a motor carrier.  It does not, however, understand the complaint to assert any such duty.  As the Court sees it, the duty of care to "provide reasonably skillful services in selecting the company charged with the transportation services FlexCon required" arises from the application of the common law duty to exercise reasonable care to transportation brokers.  And while C.H. Robinson appears to suggest that transportation brokers are not subject to the duty to exercise reasonable care, the Court finds this contention unpersuasive.  The duty to exercise reasonable care generally applies to all actors, and

---

[3]  There are factual allegations from which the Court may reasonably infer C.H. Robinson's complicity in TFI's violation of federal law—e.g., that C.H. Robinson knew or should have known that TFI operated as a broker without obtaining proper licensure.  Plaintiff, however, has not shown that this violation proximately caused his injuries.  His injuries arose from the *way* C.H. Robinson and TFI conducted themselves as brokers, not from TFI's lack of a license itself.

C.H. Robinson has not offered the Court any convincing reason to depart from the usual practice here.

*2. Preemption*

C.H. Robinson argues that, even if Plaintiff has stated a claim for negligent hiring, the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"), 49 U.S.C. § 14501(c)(1), preempts that claim. The FAAAA preempts any state "law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . [or] broker . . . with respect to the transportation of property." § 14501(c)(1). A state "law, regulation, or other provision having the force and effect of law" is "related to" a price, route, or service if it has "a connection with or reference to carrier rates, routes, or services, whether directly or indirectly." *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 260 (2013) (citations and internal quotation marks omitted). And it is "with respect to the transportation of property" when, among other things, it concerns services related to the movement of property, "including *arranging for*, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property." *See* 49 U.S.C. § 13102(23) (emphasis added); *see also Dan's City*, 569 U.S. at 261.

Here, Plaintiff's negligent hiring claim[4] is undoubtedly "related to" C.H. Robinson's services as a transportation broker. It derives from C.H. Robinson's choice of a motor carrier, "an action which indisputably is a 'bargained-for or anticipated provision of labor' from a [transportation] broker." *Finley v. Dyer*, No. 18-78, 2018 WL 5284616, at *5 (N. D. Miss. Oct.

---

[4] "State common law counts as an 'other provision having the force and effect of law.'" *Non Typical, Inc. v. Transglobal Logistics Grp. Inc.*, Nos. 10–1058, 11–0156, 2012 WL 1910076, at *2 (E. D. Wis. May 28, 2012) (citing *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 233 n.8 (1995); *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 388 (1992)).

24, 2018) (citing 49 U.S.C. § 13102(2)); *see also Creagan v. Wal-Mart Transportation, LLC*, 354 F. Supp. 3d 808, 813 (N.D. Ohio 2018) (noting that, because a negligent hiring claim against a broker "seeks to enforce a duty of care related to how [the broker] arranged for a motor carrier to transport the shipment (the service), the claim falls squarely within the preemption of the FAAAA"). *But see Mann v. C. H. Robinson Worldwide, Inc*., No. 16-00102, 2017 WL 3191516, at *7 (W.D. Va. July 27, 2017) (concluding that a negligent hiring claim "does not have anything more than a 'tenuous, remote, or peripheral' connection to the 'price, route, or service' of a broker"). His claim also indisputably concerns the transportation of property. It is premised on C.H. Robinson's service of arranging for TFI to move FlexCon's property, an action which fits squarely within the FAAAA's definition of "transportation."

The Court's analysis, however, does not end at this stage. Congress did not intend the FAAAA to restrict "the preexisting and traditional state police power over safety, 'a field which the states have traditionally occupied.'" *City of Columbus v. Ours Garage & Wrecker Serv., Inc*., 536 U.S. 424, 426 (2002) (quoting *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996)). In that vein, the FAAAA exempts laws falling within "the safety regulatory authority of a State with respect to motor vehicles" from the scope of its preemption." *Id.* § 14501(c)(2)(A). A law falls within the state's "safety regulatory authority" if it is "genuinely responsive" to safety concerns respecting motor vehicles. *See Ours Garage*, 536 U.S. at 442; *see also Tillison v. City of San Diego*, 406 F.3d 1126, 1129 (9th Cir. 2005); *Galactic Towing, Inc. v. City of Miami Beach*, 341 F.3d 1249, 1251 (11th Cir. 2003).

Here, Plaintiff's negligent hiring claim is genuinely responsive to safety concerns respecting motor vehicles and thus falls within the safety regulatory authority of the state. "Historically, common law liability has formed the bedrock of state regulation, and common law

tort claims have been described as a critical component of the States' traditional ability to protect the health and safety of their citizens." *See Finley*, 2018 WL 5284616, at *6 (citations and internal quotation marks omitted).  Negligent hiring claims are part of this bedrock, and as applied against transportation brokers, they help to protect citizens from injuries caused by motor vehicles.  The imposition of liability ensures that a transportation broker exercises reasonable care in hiring an agent to operate a motor vehicle, i.e., that it does not arrange for a dangerous motor carrier to operate on highways.[5]  *See id.*; *see also Owens v. Anthony*, No. 11-0033, 2011 WL 6056409, at *4 (M.D. Tenn. Dec. 6, 2011).  *But see Gillum v. High Standard, LLC*, No. 19-1378, 2020 WL 444371, at *5 (W.D. Tex. Jan. 27, 2020) (finding that a negligent hiring claim against a transportation broker did not fall within the state's safety regulatory authority because the broker "did not own or operate any motor vehicle subject to the state's regulatory authority"); *Creagan*, 354 F. Supp. 3d at 814 ("Because the negligent hiring claim seeks to impose a duty on the service of the broker rather than regulate motor vehicles, I conclude this claim is not within the safety regulatory authority of the state and the exception does not apply.").  The Court accordingly ***denies*** the motion to dismiss Plaintiff's negligent hiring claim.

## Conclusion

For the reasons stated above, the Court ***grants*** in part and ***denies*** in part C.H. Robinson's motion to dismiss.  (Docket No. 48).  The portion of Plaintiff's negligence claim premised on the breach of the duty to comply with the rules and regulations promulgated by the Federal Motor

---

[5]    C.H. Robinson highlights that the FAAAA does not impose any requirement on brokers to carry liability insurance for bodily injury resulting from the negligent operation of a motor vehicle. But a negligent hiring claim arises from the broker's negligence in *selecting* a motor carrier to operate a motor vehicle, not from the negligent operation of the motor vehicle itself.  The absence of any requirement for liability insurance therefore has little bearing on the question before this Court.

Carrier Safety Administration or the Moving Ahead for Progress in the 21st Century Act is dismissed.  The negligent hiring portion of the claim, however, survives this motion.

**SO ORDERED**

                                                           */s/ Timothy S. Hillman*
                                                     **TIMOTHY S. HILLMAN**
                                                           **DISTRICT JUDGE**