UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JUSTIN SKOWRON,** | ) )  ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | |
| v. | |
| **C.H. ROBINSON COMPANY, TFI LINER, INC., AND ISMAEL LOMELI ALVAREZ D/B/A/ LOMELI TRUCKING,** | |
| Defendants. | |

CIVIL ACTION
NO.  4:20-10276-TSH

## ORDER AND MEMORANDUM ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Docket No. 91) (Docket No. 108)

**1/13/2023**

**HILLMAN, D.J.**

Justin Skowron ("plaintiff") filed this action against C.H. Robinson Company ("C.H. Robinson"), TFI Liner, Inc. ("TFI"), and Ismael Lomeli Alvarez ("Lomeli Trucking") alleging negligence. C.H. Robinson (Docket No. 91) and TFI (Docket No. 108) move for summary judgment. For the following reasons, the Court ***grants*** summary judgment for both C.H. Robinson and TFI.

## Background

FlexCon operates a manufacturing plant in Spencer, Massachusetts and a warehouse in Chino, California. Sometime prior to January 27, 2017, FlexCon engaged C.H. Robinson as a "motor broker" to broker transportation of a shipment from its Spencer plant to its Chino warehouse. C.H. Robinson hired TFI to complete the shipment. TFI, in turn, hired Lomeli

Trucking to complete the shipment. TFI hired Lomeli informally, via text message. TFI and Skowron agree that Lomeli Trucking owned, operated, and controlled the vehicle used to complete the shipment and hired, employed, supervised, and controlled the operators of the vehicle used to complete the shipment.

The brokerage of shipping services is highly regulated by federal law, and companies that broker shipping services must be licensed. 49 U.S.C. § 14916(a). The parties do not dispute that C.H. Robinson was, at the time it was engaged by FlexCon, in compliance with all federal laws and regulations, that TFI was registered as a carrier—a company that provides shipping services—but not as a broker, and that C.H. Robinson contractually barred the motor carriers it hired from subcontracting their work.

The plaintiff worked as a "material handler" at FlexCon, which required him to load goods into tractor trailers. On January 27, 2017, the plaintiff was loading goods into a trailer owned by Lomeli Trucking, which had been contracted out by TFI, who had in turn been contracted out by C.H. Robinson. While loading the truck, the trailer dropped and the plaintiff was injured. The plaintiff alleges that the employees of Lomeli Trucking were negligent in setting up the trailer prior to loading, causing the sudden drop. Additionally, plaintiff alleges that TFI and C.H. Robinson were negligent in hiring Lomeli Trucking (or, that TFI was negligent in hiring Lomeli Trucking and C.H. Robinson was negligent in hiring TFI). During discovery, it was revealed that TFI had subcontracted C.H. Robinson's jobs approximately forty times, all to Lomeli Trucking.

In an earlier order, this Court granted a motion to dismiss by C.H. Robinson insofar as the allegedly breached duty was based on federal law, but denied it insofar as the allegedly breached duty was based on common law. TFI did not move to dismiss the complaint.

**Standard of Review**

Under Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." An issue is "genuine" when a reasonable factfinder could resolve it in favor of the nonmoving party. *Morris v. Gov't Dev. Bank of P.R.*, 27 F.3d 746, 748 (1st Cir. 1994). A fact is "material" when it may affect the outcome of the suit. *Id*. When ruling on a motion for summary judgment, "the court must view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Scanlon v. Dep't of Army*, 277 F.3d 598, 600 (1st Cir. 2002) (citation omitted).

Under Local Rule 56.1 the party opposing the motion for summary judgment must "include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation." Furthermore, "[m]aterial facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties."

**Analysis**

*1. C.H. Robinson's Motion for Summary Judgment*

The plaintiff disputes three facts asserted by C.H. Robinson: (1) his job title, (2) that neither C.H. Robinson's service agreement nor a copy of 49 U.S.C. § 14916 "contains facts regarding his allegations of negligence," and (3) that C.H. Robinson had no knowledge nor any reason to know that TFI was subcontracting.

Plaintiff's job title is not material. To the second, the plaintiff attempts to dispute C.H. Robinson by citing § 14196's sub-sections on the extent of liability. Citing to law does not create

3

a dispute of fact. Furthermore, this Court already dismissed the applicability of that statute to this action. Because that statute does not create the applicable duty of care, it cannot define, let alone expand, liability in this common law action. Therefore, the second fact is not properly disputed.

Plaintiff disputes C.H. Robinson's contention that it had no knowledge nor any reason to know that TFI was subcontracting by asserting: "Disputed. Goes to witness credibility." In his brief opposing summary judgment, plaintiff cites an affidavit of an employee at TFI who claimed that TFI had, forty times, sub-contracted with Lomeli to fulfill contracts with C.H. Robinson. The plaintiff's theory is that this affidavit could cause a reasonable jury to find that C.H. Robinson knew TFI was subcontracting.

Plaintiff's framing of the dispute does not comply with Local Rule 56.1, which requires the non-moving party to cite "page references to affidavits, depositions and other documentation" when disputing an asserted fact. The Court would be within its discretion to find that the fact is not properly disputed and take the moving party's statement as true. *Cf. Caban Hernandez v. Philip Morris USA, Inc.*, 486 F.3d 1, 6-7 (1st Cir. 2007). However, because the plaintiff did cite to the record—albeit in the wrong document—the Court will find the fact properly disputed.

However, the dispute must be genuine. The only relevant piece of evidence in the record is the affidavit. The plaintiff has put forward no theory as to how C.H. Robinson knew or should have known about the subcontracting. Indeed, C.H. Robinson alleges that after they hire a carrier, they do not supervise or monitor them, which plaintiff does not dispute. (Docket No. 93, at ¶¶ 17-27). C.H. Robinson alleges this is in line with "long-standing custom and practice in the freight brokerage industry," which plaintiff does not dispute. (*Id.* at ¶ 25). Furthermore, it

appears this subcontracting was informal; an employee of TFI represents that he simply sent a text message to Lomeli, which plaintiff does not dispute. (Docket No. 110, Exhibit E, at 2).

On summary judgment, "[t]he judge's inquiry . . . unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). This single affidavit—absent any theory about how C.H. Robinson should or could have known TFI was subcontracting—is not enough for a reasonable jury to conclude that C.H. Robinson had actual or constructive knowledge of TFI's policy of subcontracting. This is especially true where the sub-contracting was informal and therefore difficult to track. Therefore, because there are no genuine disputes of material fact, summary judgment for C.H. Robinson is *granted*.

### 2.  TFI

Plaintiff disputes four facts asserted by TFI: (1) whether FlexCon hired C.H. Robinson as a "motor carrier" or a "broker," (2) TFI's knowledge of the incident before the litigation ensued, (3) whether there is any evidence of a causal relationship between TFI's conduct and the sudden drop of the trailer, and (4) whether there is any evidence of negligence on TFI's part.

The first two disputed facts are not material. Plaintiff disputes the third fact by again citing to 49 U.S.C. § 14196. TFI did not move to dismiss the complaint, and therefore the Court has not ruled whether the plaintiff may pursue a negligence claim based on *TFI's* alleged violation of that law. However, in this Court's motion to dismiss it wrote:

> There are factual allegations from which the Court may reasonably infer C.H. Robinson's complicity in TFI's violation of federal law—e.g., that C.H. Robinson knew or should have known that TFI operated as a broker without obtaining proper licensure. Plaintiff, however, has not shown that this violation proximately caused his injuries. His injuries arose from the way C.H. Robinson and TFI conducted themselves as brokers, not from TFI's lack of a license itself.

(Docket No. 67, at 5 n. 3). For the same reasons this Court granted C.H. Robinson's motion to dismiss insofar as the claim was predicated on violations of federal law, the Court will not consider violations of federal law material for the purposes of analyzing the negligence claim against TFI. Because the cited law is irrelevant, the fact is not properly disputed.

Finally, plaintiff disputes the fourth fact by asserting: "The Answers to Interrogatories speak for themselves" and citing generally to various exhibits. Those citations do not comply with Local Rule 56.1 and, again, the Court would be within its discretion to deny them on that ground alone. However, once again, plaintiff's brief contains specific citations. Plaintiff points to specific responses to the interrogatories he sent to TFI and argues that a reasonable jury could make an adverse inference from those incomplete answers. (Docket No. 114, at 4-5). To be sure, TFI does not seem to have engaged in this process in good faith. In one of their answers to an interrogatory they seem to posit that they do not need to produce documents or describe policies concerning their vetting procedures because they do not believe they owed plaintiff a duty with regard to the incident. Parties cannot avoid relevant discovery by essentially arguing they would have succeeded on a motion to dismiss had they filed one—especially when their co-defendant's motion to dismiss was denied as to that subject.

The time for motions to compel and supplement discovery have long passed. The Court cannot make an adverse inference when the plaintiff failed to even attempt to depose the defendants during discovery. Because the adverse inference theory fails, this fact is not properly disputed. Therefore, there are no properly disputed facts and summary judgment for TFI must be *granted*.

## Conclusion

For the reasons above, the motions for summary judgment as to C.H. Robinson and TFI are ***granted***.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
